UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MELISSA ANN MARVEL,            )
                               )
            Plaintiff          )
                               )
      v.                       )            CAUSE NO. 3:06-CV-718 RM
                               )
INDIANA DEPARTMENT OF          )
VETERANS AFFAIRS, *et al.*,    )
                               )
            Defendants         )

<u>OPINION AND ORDER</u>

Melissa Marvel submitted a civil complaint, asserting that the defendants violated rights protected by the Constitution's Fifth and Fourteenth Amendments, and seeks leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Pursuant to 28 U.S.C. § 1915(e)(2)(B) a court must dismiss, on its own motin, a complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1989). <u>See</u> <u>also</u> <u>Flick v. Blevins</u>,  887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. <u>Denton v. Hernandez</u>, 504 U.S. at 32; <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. <u>Lee v. Clinton</u>, 209 F.3d. 1025 (7th Cir. 2000). Allegations of a <u>pro se</u> complaint are held to less stringent standards than formal

pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

The plaintiff asserts that between 1996 and 2006, Indiana Veteran Affairs officials allowed the Indiana University Law School to deny her a tuition credit provided for children of World War II purple heart recipients by Ind. Code § 20-12-19-1. She names as defendants the Indiana Department of Veterans Affairs ("VA"), and VA officials Gary White, Charles Applegate, and Jon Brinkley. She alleges that because of the defendants' actions, she was unable to "utilize the purple heart tuition exemption of fees eligibility at graduate level at [the  Indiana Law School at Indianapolis]." (Complaint at p. 9).

Ms. Marvel's claim against Indiana's Veterans Affairs Department is barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the VA Department as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

The Eleventh Amendment also bars damage claims against the individual VA officials in their official capacities for allowing a law school to deny her the benefits she believed she was entitled to under § 20-12-19-1.  "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's

office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment prohibits monetary damage suits against States and their agencies. Kashani v. Purdue University, 813 F.2d. at 845.

The Eleventh Amendment also precludes this court from entering declaratory relief or injunctive relief ordering state officials to reverse their decision to deny the plaintiff benefits under IND. CODE § 20-12-19-1. "A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984). To require Indiana officials to conform their conduct to Indiana law, Ms. Marvel must look to her state court remedies.

Ms. Marvel asserts that the defendants violated the Fifth and Fourteenth Amendment's due process clauses when they allowed a law school to deny her tuition credit, which she characterizes as a property interest created by state law. (Complaint at p. 6). The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. Craig v. Cohn, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v.

3

Palmer, 468 U.S. 517 (1984). The Indiana courts provide an adequate remedy for persons who believe that VA officials did not properly follow state law in determining benefits eligibility. While this court may not enter declaratory or injunctive relief in cases dealing with state statutes, state courts may do so.

Ms. Marvel also asserts that the defendants deprived her of a "liberty [interest] "i.e., involuntary confinements); [and] life [interests] (i.e. having/adopting/invitro fertilization no children) without due process of law." (Complaint at p. 8). The facts narrated in the complaint, however, do not support a conclusion that the defendants deprived Ms. Marvel of a liberty or life interest. A plaintiff cannot avoid dismissal simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims. Sutliff Inc. v. Donovan Companies, 727 F.2d 648, 654 (7th Cir. 1984); Thomas v. Farley, 31 F.3d 557 (7th Cir. 1994). This claim is frivolous.

Finally, Ms. Marvel alleges that the defendants negligently deprived her of equal protection under the law when they allowed a law school to deny her request for tuition credits. The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." In so providing, "the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Because Ms. Marvel does not allege that she was discriminated against based on her race or any other protected class, she raises this claim as a "class of one." See also Lauth v. McCollum, 424 F.3d 631 (7th Cir. 2005) (the paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public

4

duties), comes down hard on a hapless private citizen); Crowley v. McKinney, 400 F.3d 965 (7th Cir. 2005); Racine Charter One, Inc. v. Racine Unified Sch. Dist., 424 F.3d 677 (7th Cir. 2005).

To raise a "class of one" claim, the plaintiff must allege that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Negligence states no claim upon which relief can be granted under § 1983. Daniels v. Williams, 474 U.S. 327 (1986) (Due Process Clause is not implicated by a state prison official's negligent act causing unintended loss of or injury to life, liberty, or property); see also Davidson v. Cannon, 474 U.S. 344 (1986). Ms. Marvel's claim that the defendants negligently allowed others to deny her request for tuition credits states no claim upon which relief can be granted.

For the foregoing reasons, the court DENIES the plaintiff's motion to proceed *in forma pauperis* (docket #2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(i) and (ii).

SO ORDERED.

ENTERED: November  8 , 2006

                            /s/ Robert L. Miller, Jr.
                            Chief Judge
                            United States District Court